Wisconsin Dolls, LLC, Plaintiff-Appellant,†

v.

Town of Dell Prairie and
Town of Dell Prairie Town Board,
Defendants-Respondents.

Court of Appeals

*No. 2010AP2900. Submitted on briefs May 11, 2011.
—Decided September 1, 2011.*

2011 WI App 141

(Also reported in 806 N.W.2d 449.)

† Petition for Review granted 12/1/11.

431

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Matthew J. Fleming* and *Margery Tibbetts-Wakefield* of *Murphy Desmond S.C.*, Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Mark B. Hazelbaker* of *Hazelbaker & Associates, S.C.*, Madison.

Before Vergeront, Higginbotham and Blanchard, JJ.

¶ 1. VERGERONT, J. This case arises out of the 2009–2010 license for the retail sale of alcohol issued to Wisconsin Dolls, LLC, by the Town of Dell Prairie Town Board.[1] This license identified the premises as "Main Bar/Entertainment Building." However, previous alcohol licenses issued to Wisconsin Dolls by the Town listed the premises as including all eight acres of Wisconsin Dolls' property. Wisconsin Dolls filed this certiorari action, seeking reversal of the Town's decision and a remand with directions to the Town to issue a license covering all eight acres of Wisconsin Dolls' property or to hold a hearing as set forth by WIS. STAT. § 125.12(3) (2009–10)[2] (identifying the procedure for nonrenewal of an alcohol license). The circuit court affirmed the Town's decision, dismissing the complaint, and Wisconsin Dolls appeals.

¶ 2. The primary issue on appeal is whether the issuance of a license for all eight acres of Wisconsin Dolls' property violated any provision in WIS. STAT. ch. 125, which governs alcohol beverages. We conclude it did and that the license covering all eight acres is therefore void. We further conclude that, because the 2008–2009 license was void, Wisconsin Dolls was not entitled to the statutory protections for license renewal

[1] The Town of Dell Prairie and the Town of Dell Prairie Town Board are defendants. For ease of reference, we refer to them collectively as "the Town."

[2] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

under § 125.12(3) nor to procedural due process under the Fourteenth Amendment to the United States Constitution. Accordingly, we affirm the circuit court's order dismissing the complaint.

## BACKGROUND

¶ 3. The relevant facts are undisputed. Wisconsin Dolls owns and operates an adult-oriented resort facility in Wisconsin Dells. In December 2004, Wisconsin Dolls applied for a combination Class "B" license for fermented malt beverages and "Class B" license for intoxicating liquor. On the application for the license, next to "Premises description," Wisconsin Dolls filled in "all 8 acres of resort." The application was approved and the Town issued a license to Wisconsin Dolls that identified the premises as "Wisconsin Dolls Resort, 4179 State Highway 13, All 8 acres of the resort." The license was to expire on June 30, 2005.

¶ 4. In May 2005 and in each of the three years following, Wisconsin Dolls filed an application to renew its license for another year, and each year the Town granted the renewal. Each of these applications included "all 8 acres of the resort" in the "Premises description."[3] The licenses issued for 2005–2006 and 2006–2007 identified the premises as "Wisconsin Dolls Resort, 4179 State Highway 13, Wisc. Dells, WI, All 8 acres of the resort"; there is no license for 2007–2008 in the record. The 2008–2009 license, the license issued the year before this dispute arose, identified the premises only by Wisconsin Dolls' address.

─────────

[3] The renewal applications filed in 2005, 2006, and 2007 each listed specific areas in addition to "all 8 acres of resort": "Bar, cooler, lg room in office, all 8 acres of resort." The 2008 renewal application listed the premises as "All buildings and property comprising approximately 8 acres."

¶ 5. In May 2009, Wisconsin Dolls again filed a renewal application, which described the premises as "All buildings & property comprising approx. 8 acres." At this time, a new Town clerk began to review all alcohol licenses and applications. Upon review of Wisconsin Dolls' application, the clerk concluded that it contained an inadequate description of the premises.

¶ 6. The Town Board convened to discuss various alcohol license applications, including Wisconsin Dolls'. The Town Board Chairman explained that he believed the description of the premises as "8 acres of the resort" on Wisconsin Dolls' application was too vague and needed to be amended. He noted that the application required the applicant to identify "where you keep the alcohol, where you serve the alcohol and where you keep your records . . ." and that Wisconsin Dolls had failed to include this information. The Board postponed the vote on Wisconsin Dolls' license to allow the application to be amended.

¶ 7. Subsequently the Town Board voted to issue the license if the application was amended to restrict the premises to the main bar building and storage area. It appears undisputed that Wisconsin Dolls never amended its application. Nevertheless, the clerk issued a license to Wisconsin Dolls on June 30, 2009. The license described the premises as "Wisconsin Dolls, LLC, 4179 State Road 13, Wisconsin Dells, WI 53965 (Main Bar/Entertainment Building)."

¶ 8. Wisconsin Dolls sought circuit court review by certiorari of the Town's decision, asserting that the Town's action constituted a nonrenewal of Wisconsin Dolls' license. Therefore, Wisconsin Dolls argued, the Town was required to follow the notice and hearing procedures in Wis. Stat. § 125.12(3) and could deny renewal only for statutorily prescribed reasons. The

436

circuit court concluded that the Town's action was not a nonrenewal and dismissed the complaint.

## DISCUSSION

¶ 9. Wisconsin Dolls contends that the Town's act of limiting the premises description in its 2009–2010 license to "Main Bar/Entertainment Building" is the equivalent of a nonrenewal of its 2008–2009 license, or at least a partial nonrenewal. According to Wisconsin Dolls, this triggers the procedural requirements of WIS. STAT. § 125.12(3) and the procedural due process requirements of the Fourteenth Amendment.

¶ 10. The Town responds that it has the authority to modify an alcohol license and it exercised that power in this case. The Town also argues that Wisconsin Dolls has no property interest in an alcohol license.

¶ 11. We frame the issues differently than do the parties. We identify the primary issue as whether the issuance of a license for 2008–2009 for all eight acres of Wisconsin Dolls' property violated any provisions in WIS. STAT. ch. 125.[4] We conclude that it did and that the license covering all eight acres was therefore void.

---

[4] Wisconsin Dolls' position is that the use of its address alone to identify the premises in the 2008–2009 license means that the licensed premises were all eight acres of the resort, as was explicitly stated on the licenses issued prior to the 2008–2009 license. The Town does not appear to dispute this. Rather, its argument focuses on its authority to modify the licensed premises. We therefore assume without deciding, for purposes of this opinion only, that use of Wisconsin Dolls' address alone as a premises description on the 2008–2009 license means all eight acres of the resort. The real estate of the resort consists of eight acres. We therefore use "all eight acres of the resort" and "all eight acres of Wisconsin Dolls' property" interchangeably.

Based on this conclusion, for the reasons we explain, Wisconsin Dolls did not have a right to the statutory procedures relating to license renewal in § 125.12(3) before the Town limited the premises description to "Main Bar/Entertainment Building." For similar reasons, Wisconsin Dolls did not have the right to procedural protections under the due process clause of the Fourteenth Amendment before the Town limited the premises description.

I. Standard of Review

¶ 12. Both parties agree that we review the Town's decision to issue Wisconsin Dolls a 2009–2010 license only for its "Main Bar/Entertainment Building" by certiorari.[5] On certiorari review, our inquiry, like that of the circuit court, is limited to the following questions: "(1) whether the [Town] stayed within its jurisdiction; (2) whether it acted according to law; (3) whether its action was arbitrary, oppressive, or unreasonable, representing its will instead of its judgment; and (4) whether the evidence was such that it might reasonably have made the determination under review." *State ex rel. Smith v. City of Oak Creek*, 131 Wis. 2d 451, 455, 389 N.W.2d 366 (Ct. App. 1986) (citation omitted).

¶ 13. Only the second question is implicated on this appeal: whether the Town acted according to law—both statutory and constitutional law—in issuing

[5] Because both parties agree that certiorari review of the Town's decision properly defines our scope of review, we accept that premise and do not discuss the judicial review provision in Wis. Stat. § 125.12(2)(d).

Wisconsin Dolls a license for 2009–2010 only for the main bar and entertainment building. Because this presents a question of law, our review is de novo. *See Town of Avon v. Oliver*, 2002 WI App 97, ¶ 7, 253 Wis. 2d 647, 644 N.W.2d 260 (noting that the interpretation of a statute presents a question of law); *Tateoka v. City of Waukesha Bd. of Zoning Appeals*, 220 Wis. 2d 656, 669, 583 N.W.2d 871 (Ct. App. 1998) (opining that whether there is a violation of due process presents a question of law, which we review de novo).

II. Validity of 2008–2009 License for All Eight Acres

¶ 14. WISCONSIN STAT. ch. 125 governs the issuance of alcohol licenses by municipalities. No license "may be issued to any person except as provided in this chapter," and "[a]ny license . . . issued in violation of this chapter is void." § 125.04(2). Thus, the starting point of our analysis is to determine whether the 2008–2009 license for all eight acres of the resort was issued "as provided in [chapter 125]."

¶ 15. The license issued to Wisconsin Dolls in 2008–2009 and each preceding year was a combination Class "B" and "Class B" license, which authorizes the retail sale of fermented malt beverages and intoxicating liquor. WIS. STAT. §§ 125.26, 125.51. Both Class "B" and "Class B" licenses must "particularly describe the premises for which issued." § 125.26(3) (Class "B" licenses); § 125.51(3)(d) ("Class B" licenses). The parties dispute the meaning of "particularly describe the premises." Wisconsin Dolls contends that the phrase "all 8 acres of the resort" does particularly describe the premises for which the license is issued. The Town, in contrast, contends that this phrase is not a particular description of the premises for which the license is issued.

¶ 16. When we interpret a statute, we begin with the language of the statute and give it its common, ordinary, and accepted meaning, except that technical or specially defined words are given their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County,* 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citations omitted). We interpret statutory language in the context in which it is used, not in isolation but as part of a whole, in relation to the language of surrounding or closely related statutes, and we interpret it reasonably to avoid absurd or unreasonable results. *Id.,* ¶ 46 (citations omitted). We also consider the scope, context, and purpose of the statute insofar as they are ascertainable from the text and structure of the statute itself. *Id.,* ¶ 48. If, employing these principles, we conclude the statutory language has a plain meaning, then we apply the statute according to that plain meaning. *Id.,* ¶ 46.

¶ 17. We begin by discussing the meaning of the word "premises" as used in WIS. STAT. §§ 125.26(3) and 125.51(3)(d). WISCONSIN STAT. § 125.02(14m) defines "premises" as "the area described in a license or permit." This definition does not tell us how "the area described in a license" is to be determined. However, § 125.04(3), which governs applications for licenses, provides additional aid in understanding the meaning of "premises." This section provides that the Department of Revenue (DOR) shall prepare an application form for each type of license issued under ch. 125 and that each form shall require certain information, including "[t]he premises where alcohol beverages will be sold or stored or both." § 125.04(3)(a)3. The only reasonable reading of § 125.04(3)(a)3., when read together with §§ 125.02(14m), 125.26(3),

440

and 125.51(3)(d), is that "premises" means the area where alcohol beverages will be sold or stored or both.

■

¶ 18. Turning to the word "describe" in the phrase "particularly describe the premises," we see that this word is not defined in WIS. STAT. ch. 125. We may therefore consult a standard dictionary to establish the common meaning. *See Swatek v. County of Dane*, 192 Wis. 2d 47, 61, 531 N.W.2d 45 (1995). To "describe" means to "present distinctly by means of properties and qualities." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 610 (1993). "Distinct," in turn, means "characterized by qualities individualizing or distinguishing as apart from, unlike, or not identical with another or others." *Id.* at 659.

¶ 19. The word "particularly" is also not defined in WIS. STAT. ch. 125. A standard dictionary definition of "particular" is "concerned with or attentive to details." *Id.* at 1647.

■

¶ 20. When the meanings of these words are considered together, "particularly describe the premises" means that the license must contain sufficient detail to identify the specific areas where the alcohol beverages will be sold or stored or both. We conclude that merely identifying the total amount of acreage of the licensee's property does not fulfill this definition. It does not identify the specific area or areas in the total acreage where the licensed activity will occur.

¶ 21. The statutory provision requiring posting of the license supports our interpretation. WISCONSIN STAT. § 125.04(10)(a) and (b) require that a license issued for the sale of alcohol must be "conspicuously displayed for public inspection at all times *in the room or place where*

441

*the activity subject to the ... licensure is carried on*" (emphasis added). This provision indicates that the activity subject to licensure occurs in a specific place. This provision cannot be reconciled with Wisconsin Dolls' view that a license may give it the authority to carry on licensed activity anywhere on the eight acres of its property.

¶ 22. Our interpretation is also supported by our reasoning in *Alberti v. City of Whitewater*, 109 Wis. 2d 592, 327 N.W.2d 150 (Ct. App. 1982). The issue presented there was whether a licensee, during the license year, could unilaterally expand the size of the licensed premises as long as the expanded area was connected to the premises on which the license permitted the sale of alcohol. *Id.* at 597–98. In resolving this issue against the licensee, we construed WIS. STAT. § 125.04(3)(h), which requires licensees to notify the issuing authority of a change in any fact set out in the application for a license within ten days of the change.[6] We viewed this provision in the context of the entire statutory scheme, which gives the municipality the power to control the grant, transfer, revocation, and renewal of licenses, and provides for notification to the public at certain points in the process. *Id.* at 599–600. We concluded that, in light of the statutory scheme and the broad power of the government to regulate the liquor traffic industry, the purpose of WIS. STAT. § 125.04(3)(h) was to "facilitate monitoring of ongoing liquor sales by the government and the public." *Id.* at 599. It would be inconsistent with that purpose and unreasonable, we held, to confer unilateral power on the licensee to expand the size of the licensed premises during the license year. *Id.* at 601.

---

[6] WISCONSIN STAT. § 125.04(3)(h) was numbered § 176.14 (1979–80) at the time we decided *Alberti v. City of Whitewater*, 109 Wis. 2d 592, 327 N.W.2d 150 (Ct. App. 1982).

¶ 23. Similarly, interpreting WIS. STAT. §§ 125.26(3) and 125.51(3)(d) to authorize the issuance of a license for the entire acreage of a licensee's property would allow the licensee to unilaterally expand the areas within that acreage where the licensed activity takes place, without any oversight by the issuing authority. This is not consistent with the legislative intent to give municipalities the power to control the grant and renewal of licenses to sell alcohol.

¶ 24. Finally, our interpretation of the phrase "particularly describe the premises" is consistent with DOR's interpretation of this phrase. As already noted, DOR has been charged with creating the application forms for alcohol licenses. WIS. STAT. § 125.04(3)(a); *see also* § 125.04(3)(b) (relating to renewal forms). Both the original application form and the renewal application form prepared by DOR provide the following instructions with respect to the "Premises description":

> Premises description: Describe building or buildings where alcohol beverages are to be sold and stored. The applicant must include all rooms including living quarters, if used, for the sales, service, and/or storage of alcohol beverages and records. (Alcohol beverages may be sold and stored only on the premises described.)

DOR AT-106 (R.9–03); DOR AT-115 (R.3–09). Thus, these forms expressly require identification of the specific places in which alcohol is sold, served, and stored or records kept.[7]

---

[7] Neither party addresses whether these forms or the "Premises description" item in particular is an administrative rule. *See* WIS. STAT. § 227.01(13) (defining "rule"); *cf. Racine Educ. Ass'n v. ERC*, 2000 WI App 149, ¶¶ 34–35, 238 Wis. 2d 33, 616 N.W.2d 504 (concluding that two forms promulgated by the Wisconsin Employment Relations Commission (WERC) were "a product of WERC's rule-making authority"). Nor does

443

¶ 25. In summary, the license the Town issued to Wisconsin Dolls in 2008–2009 did not "particularly describe the premises" as required by WIS. STAT. §§ 125.26(3) and 125.51(3)(d). Thus, that license was issued in violation of these sections.

¶ 26. Because a license issued in violation of WIS. STAT. ch 125 is void, *see* § 125.04(2), the question arises whether Wisconsin Dolls had a license to renew in 2009. In *Williams v. City of Lake Geneva*, 2002 WI App 95, ¶ 8, 253 Wis. 2d 618, 643 N.W.2d 864, we held that a violation of the requirement that a notice of application be published, *see* § 125.04(3)(g), rendered the license issued upon that application void under § 125.04(2). "Void," we concluded, meant "an absolute nullity[,] . . . of no legal effect." *Id.*, ¶ 9. We further held that the procedural protections for renewal in § 125.12(3) do not apply to a license that is void, and the only way the holder of a void license may obtain a valid license is to file an application for an original license. *Id.*, ¶¶ 12–14.

¶ 27. We conclude that *Williams* forecloses Wisconsin Dolls' argument that it is entitled to the procedures in WIS. STAT. § 125.12(3) before the Town can decide not to renew its license for all eight acres of the

either party address whether, in interpreting §§ 125.26(3) and 125.51(3)(d), we must accord deference to the meaning DOR gives to "Premises description" in the forms. *See Racine Harley-Davidson, Inc. v. Division of Hearings & Appeals*, 2006 WI 86, ¶ 11, 292 Wis. 2d 549, 717 N.W.2d 184 (opining that although interpretation of a statute is a question of law, which we review de novo, in certain situations we give deference to agency's interpretation of a statute that it is charged with administering). We therefore do not address these issues but simply consider the "Premises description" item in the DOR forms as support for our interpretation of the disputed statutory phrase, "particularly describe the premises." *See* §§ 125.26(3), 125.51(3)(d).

444

resort. Wisconsin Dolls did not have a valid license for all eight acres. Therefore, the procedural protections for renewal in § 125.12(3) do not apply. *See id.*, ¶¶ 13–14.

¶ 28. We recognize that *Williams* suggests there may be a question in this case concerning the Town's authority to issue Wisconsin Dolls a license for 2009–2010 with a particular description of the premises as required by WIS. STAT. §§ 125.26(3) and 125.51(3)(d), without requiring Wisconsin Dolls to file an original application. However, we do not address this question. In particular, we do not address the Town's argument that it has the authority to issue a modified license with a more limited premises description. Wisconsin Dolls is not challenging the Town's issuance of a license with a more limited and specific description of the premises, *if,* as we have already decided, it did not have a license to conduct the licensed activity on all eight acres. Nor does Wisconsin Dolls challenge the definition of premises the Town chose, "Main Bar/Entertainment Building," on any ground other than the one we have already rejected.

III. Procedural Due Process

¶ 29. Wisconsin Dolls also asserts that it has a property interest under the Fourteenth Amendment in the renewal of its 2008–2009 license covering all eight acres of the resort. Therefore, it contends, it was entitled to procedural due process before the Town could change the premises description to "Main Bar/Entertainment Building."

■■■■

¶ 30. Section 1 of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. CONST. amend. XIV, § 1. The existence and scope of a property interest for purposes of this constitutional

provision is determined by state law. *See Board of Regents v. Roth*, 408 U.S. 564, 577 (1972); *Kraus v. City of Waukesha Police & Fire Comm'n*, 2003 WI 51, ¶ 55, 261 Wis. 2d 485, 662 N.W.2d 294. Rather than analyze whether an alleged property interest is a "right" or "privilege," as the parties do, the proper inquiry is whether state law creates a "legitimate claim of entitlement" to the alleged property interest. *See Roth*, 408 U.S. at 577.

¶ 31. In this case we need not decide whether the holder of a valid license under WIS. STAT. ch. 125 has a property interest in the renewal of the license such that the holder is entitled to procedural protections under the due process clause before the municipality can decide not to renew the license. For the reasons we have already discussed, Wisconsin Dolls did not have a valid 2008–2009 license under ch. 125 for all eight acres of the resort. That license is void because it was issued in violation of §§ 125.26(3) and 125.51(3)(d). *See* § 125.04(2); *see also Williams*, 253 Wis. 2d 618, ¶¶ 8–9. Wisconsin Dolls therefore does not have a legitimate claim of entitlement under ch. 125 to the renewal of a license for all eight acres of the resort. *See Williams*, 253 Wis. 2d 618, ¶¶ 12–14. Accordingly, it is not entitled to procedural due process under the Fourteenth Amendment before the Town may issue a license with a more limited description of the premises.

## CONCLUSION

¶ 32. We affirm the circuit court's order dismissing Wisconsin Dolls' complaint.

*By the Court.*—Order affirmed.